**Robert BRIDDELL, Plaintiff,**

v.

**SAINT GOBAIN ABRASIVES INC., Defendant.**

**No. 04–CV–40146 FDS.**

United States District Court, D. Massachusetts.

Nov. 10, 2005.

Philip F. Coppinger, Darragh K. Kasakoff, Seder & Chandler, Worcester, MA, Mary E. Kelly, Thomas W. Meiklejohn, Livingston, Adler, Pulda, Meiklejohn & Kelly, Hartford, CT, for Robert Briddell, Plaintiff.

David J. Kerman, Jackson Lewis LLP, Amanda S. Flosenfeld, Jackson Lewis LLP, Guy P. Tully, Jackson Lewis LLP, Boston, MA, for Saint Gobain Abrasives, Inc., Defendant.

### Order

SWARTWOOD, III, Chief Magistrate Judge.

#### Nature of the Proceeding

By Order of Reference dated September 1, 2005, Plaintiff's Motion to Compel (Docket No. 25) was referred to me for disposition.

#### Nature of the Case

Robert Briddell ("Mr. Briddell" or "Plaintiff") has filed a Complaint against St. Gobain Abrasives, Inc. ("St. Gobain" or "Defendant") in which he alleges that St. Gobain: violated his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq,* as amended ("Title VII") by discriminating against him on account of his race, color and/or ethnicity (Count I), and retaliating against him because of his complaints of discrimination and/or his opposition to St. Gobain's discriminatory practices (Count II); and violated his rights under the 42 U.S.C. § 1981, as amended ("Section 1981") by engaging in a continuing course of discrimination against him on the basis of his race and color and depriving him of his right to equal protection of the law (Count III). *See* Complaint (Docket No. 1).

#### Discussion

Mr. Briddell seeks an order compelling St. Gobain to produce, "a witness pursuant to

FRCP 30(b)(6) prepared to discuss [St. Gobain's] knowledge as to FRCP 30(b)(6) topics 2, 3, 7, 8, 10, and 11 and documents responsive to Schedule A requests 7, 8, 9, and 10". *Plaintiff's Motion to Compel* (Docket No. 25), at pp. 2–3. St. Gobain has objected to Mr. Briddell's motion to compel on the grounds that it should not be required to produce a 30(b)(6) witness to testify concerning: any topics which are overly broad; where it would be unduly burdensome to familiarize the witnesses concerning any such topics; and any topics which are immaterial or irrelevant to this action, or are unlikely to lead to discovery of admissible evidence. St. Gobain further argues that some topics which Mr. Briddell has indicated he will inquire of the 30(b)(6) witness would require disclosure of private information about individuals who are not parties to this action and therefore, are not discoverable. *Id.* at pp. 14–19.[1]

### Rule 30(b)(6) Deposition Topic No. 3

In Topic No. 3, Mr. Briddell asks St. Gobain to designate a witness to testify concerning:

> Defendant's investigations and purported good faith efforts to address workplace discrimination, retaliation and/or disparate treatment, through its purportedly comprehensive, effective and well-publicized policies, including any action taken by the Defendant to ensure that these policies were actually followed with respect to promotions and with respect to discipline at the Worcester Facility between January 1999 and the date of Plaintiff's termination [February 6, 2002].

*Defendant's Opposition to Plaintiff's Motion to Compel* (Docket No. 27) ("Opposition"), at p. 8. In response, St. Gobain has agreed to produce Richard Zeena of its Human Resources department to testify about Topic No. 3 for the period of March 2000 to February 6, 2002. *Id.* As to Mr. Briddell's request that St. Gobain's 30(b)(6) witness be prepared to testify concerning employee promotions and/or disciplinary actions during the period from January 1999 through February 2000, St. Gobain argues that since Mr. Briddell did not apply for any promotions and was not disciplined during this period, it is unlikely that such information would be relevant to his claims or lead to admissible evidence. St. Gobain also argues that since Richard Zeena did not start working for them until March 2000, having to prepare him to testify concerning that fourteen month period, or to identify someone else to testify concerning that period, would be unduly burdensome.

■ In his motion to compel, Mr. Briddell is seeking information about general company practices in order to demonstrate a pattern of discriminatory conduct on the part of St. Gobain. This court has previously found that, "Plaintiff[s] should be permitted to show that defendants' past practices manifest a pattern of. . .discrimination." *Jackson v. Harvard*, 111 F.R.D. 472, 475 (D.Mass.1986) (Garrity, D.J.). In other words, evidence of a pattern of behavior is relevant to discrimination claims such as those which have been asserted by Mr. Briddell. *See e.g. Scales v. J.C. Bradford and Co.*, 925 F.2d. 901, 906 (6th Cir.1991) ("It is well settled that information concerning an employer's general employment practices is relevant even to a title VII individual disparate impact claim"); *Glenn v. Williams*, 209 F.R.D. 279, 282 (D.D.C.2002) ("Similar acts may be admissible as bearing on the motive with which the organization acted when confronted with a similar situation"); and *United States v. Massachusetts Indust. Fin. Agency*, 162 F.R.D. 410, 413 (D.Mass.1995) ("Evidence of how other organizations were treated by [defendant] might well be relevant to a determination of whether it discriminated against [Plaintiff organization]"). Furthermore, as pointed out by Mr. Briddell, such information is relevant with respect to St. Gobain's Seventh Affirmative Defense, that it, "at all material times made good faith efforts to comply with its obligations under the federal employment discrimination statutes." *Answer*, at p. 9; *See McGrath v. Nassau County Health Care Corp.*, 204 F.R.D. 240, 244–5

---

1. At the hearing on Plaintiff's motion to compel, the parties informed the court that they had reached agreement concerning Topic No. 2.

(E.D.N.Y.2001) (defendant put its conduct at issue by claiming that it took adequate remedial measures in response to plaintiff's discrimination claims).

■■ At the same time, relevant information, which is otherwise discoverable, may be limited both "geographically" and "temporally" in order to avoid overly broad and unduly burdensome requests. *Glenn,* 209 F.R.D. at 281–2. Therefore, a plaintiff will not be permitted an open-ended review of corporate records in order to establish discriminatory employment practices. On the other hand, "a time frame which merely brackets the contested employment action would foreclose plaintiff from elucidating past practices or identifying a pattern". *Harvard,* 111 F.R.D. at 475; *See also Pleasants v. Allbaugh,* 208 F.R.D. 7, 10 (D.D.C.2002) (where court allowed 8 years for discovery to allow plaintiff opportunity to demonstrate, "a continuum of events affecting African–American people that extended over the period of time that [plaintiff] worked for [defendant]"). Although courts have permitted discovery periods as long as eight to ten years, the norm in employment discrimination cases seems to be anywhere between three and five years. *See Massachusetts Indust. Fin. Agency,* 162 F.R.D. at 414 (three year window of discovery); *Obiajulu v. City of Rochester,* 166 F.R.D. 293, 296 (W.D.N.Y.1996) (discovery allowed from three years prior to suit until the time the case was heard); *Glenn,* 209 F.R.D. at 282 (three year time frame for discovery); *Swackhammer v. Sprint,* 225 F.R.D. 658, 662 (D.Kan.2004) (time period of three years prior to discrimination and two years afterwards allowed).

■ In this case, Mr. Briddell requests that St. Gobain provide information concerning promotion and disciplinary practices for the period from January 1999 through February 6, 2002, which includes a fourteen month period which precedes any alleged discriminatory actions against him by St. Go-

bain. I agree with Mr. Briddell that such information is relevant to his attempt to demonstrate a pattern of improper behavior on the part of St. Gobain. Accordingly, I find the time period for which Mr. Briddell seeks such information to be entirely reasonable.

■ As to St. Gobain's argument that Richard Zeena, its designated rule 30(b)(6) witness, does not have personal knowledge of the information requested by Mr. Briddell for the period of January 1999 to March 2000, rule 30(b)(6) places the burden upon the deponent to "make a conscientious good-faith endeavor to . . . prepare [it's designee(s) ] in order that they can answer fully, completely, unevasively." *Mitsui & Co. (U.S.A.) v. Puerto Rico Water Resources Authority,* 93 F.R.D. 62, 67 (D.P.R.1981). This duty of preparation "goes beyond matters personally known to that designee or to matters in which that designee was personally involved." *U.S. v. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C.1996). If necessary, the deponent must use documents, past employees, and other resources in performing this required preparation. *Id.* (citing *Ierardi v. Lorillard, Inc.,* 1991 U.S. Dist. LEXIS 11887, at *3 (E.D.Pa.1991)). Therefore, St. Gobain shall educate Mr. Zeena as to the information requested in Topic 3 for the period from January 1999 to February 6, 2002, or designate a second 30(b)(6) witness with knowledge concerning that period.

### *Rule 30(b)(6) Deposition Topics and Schedule A Requests 7–10*

In these Topics and Requests, Mr. Briddell asks for testimony and documents concerning all employees in the "Worcester Facility" [2] disciplined between January 1999 and January 2004 [3] for: creating contaminated mixes (topic 7); failing to sign manufacturing orders (topic 8); failing to use the CONCAM system (topic 9); and creating heavy pans or committing "other safety violations" (topic

---

**2.** It is unclear what Mr. Briddell means by saying, "Worcester Facility". However, from the hearing, it appears that Mr. Briddell is seeking such discovery with respect to the Worcester Bonded Abrasives Division.

**3.** St. Gobain again objects to providing information for the period from January 1999 to March 2000 and seeks to limit its responses to the period form April 2000 to January 2004. I find that Mr. Briddell has established that the relevant time period is January 1999–January 2004.

10). *Opposition*, at p. 9. Defendant asserts that the information sought in these Topics/Requests is overbroad, irrelevant, unduly burdensome and, in regard to Topic/Request No. 10, an invasion of privacy.

██ St. Gobain's primary objection concerns Mr. Briddell's catch-all request for information concerning "other safety violations," which St. Gobain argues is overly broad and unduly burdensome as it will encompass a multitude of minor infractions that bear little resemblance to any of the infractions for which Mr. Briddell was disciplined. I agree that the request is overly broad, and I will restrict the inquiry to safety violations which, under St. Gobain's established policies, carry with them punishments similar in severity to the violations that Mr. Briddell allegedly committed during his employment.

██ Regarding the claim of undue burden, Richard Zeena has stipulated in his Declaration that a full review of the employment files necessary to respond to the requests, as initially constituted, would take 175–200 hours and cover 700–800 employees. *Declaration of Richard J. Zeena*, ¶5 (Docket No. 28).[4] As such, Defendant claims that the request is unduly burdensome. In response, Mr. Briddell's counsel offered to personally perform the document review and executed a protective order with St. Gobain in an effort to alleviate any privacy concerns. *Stipulation and Protective Order of Confidentiality*, (Docket No. 23).

Courts have routinely limited discovery to protect the privacy interests of parties and non-parties alike. *See Gehring v. Case Corp.*, 43 F.3d 340 (7th Cir.1994); *Harvard*, 111 F.R.D. at 476; *Johnson v. Washington Times Corp.*, 208 F.R.D. 16 (D.D.C.2002); and *Glenn*, 209 F.R.D. at 282. While at times I have found that protective orders which limit review to counsel and/or experts who have executed confidentiality agreements are sufficient to protect privacy interests of third parties, given the sheer volume of records in this case, the amount of person-

nel information contained in such records and the likelihood that a substantial amount of the information will be irrelevant to Plaintiff's claims, I find that entry of such an order would not be advisable in this case. Consequently, any such review must be conducted by St. Gobain, in the first instance.

While I understand St. Gobain's objections to having to carry out such a sizeable investigation, it is St. Gobain's own record keeping policies which have contributed significantly to the burden imposed on it. Courts have been loathe to reward (and possibly encourage) poor record keeping by shielding companies with inefficient recording methods from discovery. *See Keene v. Brigham and Women's Hospital, Inc.*, 439 Mass. 223, 242, 786 N.E.2d 824, 837 (Mass.2003); and *Societe Internationale v. Rogers*, 357 U.S. 197, 211, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). It is inconceivable to me that a company the size of St. Gobain would not have a more rational method of tracking which employees have been subjected to disciplinary action. Therefore, St. Gobain will be required to conduct the necessary review of its employee files and provide Mr. Briddell's counsel with copies of the employee files responsive to this request, as limited in my prior ruling. Any such files produced to Mr. Briddell's counsel will, of course, be subject to the confidentiality agreement that has been executed between the parties.

*Conclusion*

It is Ordered that:

1. Plaintiff Robert Briddell's Motion to Compel is *allowed* in part, and *denied* in part, as provided in this Order.

---

**4.** During a hearing on this motion, Defense Counsel explained this massive time estimate. St. Gobain keeps employees' disciplinary records in their general employment files, Different versions of these files are stored at the divisional

and company-wide levels. This complex filing system makes investigations of the sort requested by Mr. Briddell difficult and contributes significantly to the total time required.